UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUIS OLMO on behalf of himself
and all other similarly situated employees

     Plaintiff,

 -against-

CENTURY 21 DEPARTMENT STORES,
LLC, and RAYMOND GINDI

     Defendants.
-----------------------------------------------------------X

Index No.:
Date Filed:

**CLASS ACTION AND
COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

SUMMONS ISSUED
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
☆ JAN 18 2011 ☆
BROOKLYN OFFICE

MAUSKOPF, J.
POHORELSKY, M.J.

CV 11-0253

Plaintiff, Luis Olmo ("Plaintiff"), on behalf of himself and on behalf of all other similarly situated employees, by and through his undersigned counsel, for his Complaint alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF ACTION

1. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b) Plaintiff brings this action on behalf of himself and all other similarly situated current and former employees who are or have been employed by Defendant Century 21 Department Stores, LLC, ("Century 21") and Defendant Raymond Gindi ("Gindi") (together "Defendants") in any of the Defendants' New York State stores at any time during the period commencing February 1, 2005 and continuing until such further date as the practices complained of are discontinued (the "Class Period") who were subjected to off-the clock security searches for which they were not compensated and/or who were required to perform off-the-clock work for which they were not compensated, to recover unpaid wages, overtime compensation, damages, injunctive and other equitable relief and reasonable attorneys' fees and costs under FLSA §§ 201, *et seq.*

2. In addition to the FLSA claims, Plaintiff also brings claims under the laws of New York on behalf of himself and all other similarly situated current and former employees who are or have been employed by Defendants in any of the Defendants' stores within the state of New York at any time during the Class Period who were subjected to off-the clock security searches for which they were not compensated and/or who were required to perform off-the-clock work for which they were not compensated, to recover unpaid wages, overtime compensation, damages, injunctive and other equitable relief and reasonable attorneys' fees and costs under McKinney's Labor Law §§ 190, *et. seq.*, §§650, *et seq.*, 12 NYCRR § 142-2.2 and New York common law.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C. § 216(b).

4. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. §1332(d). This is a putative class action in which: (1) there are 100 or more members in the proposed class under New York law; (2) upon information and belief, at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

5. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over the New York state law wage and hour claims because those claims derive from a common nucleus of operative fact.

6. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (c) because Defendant Century 21 resides in this judicial district.

## THE PARTIES

8.  Plaintiff Luis Olmo is an adult individual who is a resident of Queens, New York. Plaintiff was employed full-time by Defendants as a cashier and as a non-exempt supervisor, both of which were as an hourly worker, at Defendants' store located at 22 Cortlandt St. New York, New York from approximately on or about April 21, 2009 through on or about November 9, 2010. Plaintiff's starting salary at Defendant Century 21 was $7.15 per hour and from in or around November of 2009 through the end of his employment, Plaintiff's salary at Defendant Century 21 was $8.35 per hour. Plaintiff was a covered, non-exempt employee, within the meaning of the FLSA and New York Labor Law ("NYLL"). As such, Plaintiff was entitled to be paid in full for all hours worked, including straight time and overtime pay, time spent undergoing security checks, and a minimum wage for all hours worked as fixed by law.

9.  Upon information and belief, Defendant Century 21 is a New York Limited Liability Company, with its principal place of business at 22 Cortlandt St. New York, NY 10007. Directly or through wholly-owned subsidiaries that act under its direction and control, Century 21 has been a quality fashion leader for over 40 years. Century 21 currently operates six department stores throughout New York and New Jersey, which generate ten to twenty million dollars in annual revenue. During the Class Period, Century 21 is believed to have employed thousands of hourly-wage employees.

10.  Defendant Century 21 maintains control, oversight, and direction over the operation of its stores and offices, including its employment practices, and is a covered employer within the meaning of the FLSA and New York state law.

11. Upon information and belief, Defendant Gindi is an owner and the Chief Executive Officer of Defendant Century 21, overseeing Defendant Century 21's Corporate Headquarters at 22 Cortlandt St. New York, NY 10007.

12. Upon information and belief, Defendant Gindi has had power over personnel decisions and over payroll decisions at Defendant Century 21 during the Class period. Upon information and belief, Defendant Gindi has taken an active role in managing Defendant Century 21.

13. Upon information and belief, Defendant Gindi has had the power to hire and fire employees of Defendant Century 21, including Plaintiff, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Defendant Gindi has also had the power to stop any illegal pay practices that harmed Plaintiff. Defendant Gindi is a covered employer within the meaning of the FLSA and New York state law.

## FACTUAL ALLEGATIONS

14. Defendants hired Plaintiff and promised to pay hourly wages to Plaintiff for his work.

15. Throughout Plaintiff's entire employment at Defendant Century 21, he has had to undergo security checks anytime leaving the building for the end of a shift or for a break. Any time Plaintiff wished to leave the building, he had to first clock out, and then he had to walk up a flight of stairs to an area where security checks were performed near the locker room. Then, Plaintiff had to wait on line for a security check and then be subjected to a security check of Plaintiff's person and personal belongings to be performed.

16. Plaintiff underwent two (2) security checks per shift, one when taking his lunch

break and the other at the end of the shift. Usually there would be a line that each employee had to wait on to be checked by security. After Plaintiff clocked out, the security checking process was in excess of fifteen (15) minutes per day of off-the-clock time.

17. Defendants did not compensate Plaintiff or other employees for the time spent complying with Defendants' daily mandatory security checks whenever leaving the premises.

18. Upon information and belief, to date, this security check policy applies to all Century 21 store employees and is still in place.

19. In addition, Defendants required Plaintiff, and upon information and belief, his fellow employees to perform off-the-clock-work. Plaintiff worked as much as thirty (30) to forty five (45) additional minutes per shift while off-the-clock. This additional off-the-clock work consisted of Plaintiff helping customers, helping co-workers, and assisting with refunds.

20. Defendants failed to pay Plaintiff and the other employees time and one half their regular rate of pay for hours worked over forty in a work week in violation of the FLSA and NYLL. Furthermore, had Defendants compensated Plaintiff for all his actual hours worked, Plaintiff, and upon information and belief, other hourly wage employees, would have accumulated additional time worked in excess of 40 hours per week, for which they would have had to have been paid overtime or time and one-half.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings the First Cause of Action on behalf of:

> All current and former employees who are or were employed by Defendants in any of the Defendants' New York State stores at any time during the Class Period and who were (1) not compensated for time spent undergoing mandatory security checks; (2) were not compensated for all work performed; and (3) were not compensated for time worked over forty hours per week at overtime rates (the "FLSA Collective Class").

22. Upon information and belief, Defendants subjected Plaintiff and the FLSA Collective Class members to off-the clock security searches for which they were not compensated. In addition, Defendants required Plaintiff and the FLSA Collective Class members to perform off-the-clock work for which they were not compensated. Defendants failed to pay Plaintiff and the members of the FLSA Collective Class time and one half their regular rate of pay for hours worked beyond forty hours in a work week.

23. Defendants' unlawful conduct has been widespread, repeated and consistent.

24. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the Plaintiff and the FLSA Collective Class.

25. Defendants are liable under the FLSA for failing to properly compensate the Plaintiff and the FLSA Collective Class, and, as such, notice should be sent to the FLSA Collective Class. There are numerous similarly situated, current and former employees of Defendants who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## NEW YORK LAW

26. Articles 6 and 19 of New York's Labor Law, and the regulations promulgated thereunder, including 12 NYCRR §§ 142-2.1 and 142-2.2, establish requirements for employers' payment of, and employees' entitlement to, both straight time and overtime wages and vests employees with rights of action to enforce such requirements.

27. In addition, there exists a contractual relationship between employers and employees pursuant to which employers are obligated to pay employees for all of their working

6

time.

## NEW YORK CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure on behalf of a Class consisting of:

> All current and former employees who are or were employed by Defendants in one or more of Defendants' New York State department stores during the Class Period and who were (1) not compensated for time spent undergoing mandatory security checks; (2) were not compensated for all work performed; and (3) were not compensated for time worked over forty hours per week at overtime rates (the "New York Class").

29.     Excluded from the New York Class are Defendants, Century 21's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class Period has had, a controlling interest in Defendant Century 21; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

30.     According to its website, www.c21stores.com, Century 21 currently has four (4) department stores in New York State, one each in Queens, Brooklyn, Long Island, and Manhattan.

31.     During the Class Period, Century 21 employed thousands of hourly-wage employees at its New York State stores and systematically failed and refused to pay them for all compensable hours worked. The members of the New York Class are so numerous that joinder of all members is impracticable.

32.     Plaintiff's claims are typical of the claims of the New York Class Members because he was an hourly-wage employee who was not compensated for required security searches and/or for other work performed while off-the-clock. Plaintiff and the New York Class

members have all sustained similar types of damages as a result of Century 21's failure to comply with the NYLL. Plaintiff and the New York Class Members have all been injured in that they have been uncompensated or under-compensated due to Century 21's common policies, practices, and patterns of conduct.

33. Plaintiff will fairly and adequately protect the interests of the New York Class Members. Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation. There is no conflict between the Plaintiff and the New York Class Members.

34. Defendants have acted or have refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

35. Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

(a) Whether Defendants failed and/or refused to pay Plaintiff and the New York Class for employer mandated off-the-clock time spent going through required security checks in violation of New York Law;

(b) Whether Defendants correctly compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek;

(c) Whether Defendants failed to keep true and accurate time records for all hours worked by its employees as required by New York Labor Law § 190 *et seq.* and 650 *et seq.*;

(d) Whether Defendants failed to pay Plaintiff and the New York Class for all of the compensable time that Defendants required from them;

(e) Whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(f) Whether Defendants engaged in a pattern and/or practice in New York of

8

forcing, coercing, and/or permitting Plaintiff and the New York Class Members to perform work for Defendants' benefit which was not compensated;

(g) Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(h) The nature and extent of class-wide injury and the measure of damages for those injuries.

36. Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual Class Members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class Members are readily identifiable from Defendants' own records.

37. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual members of the New York Class that would establish incompatible standards of conduct for Century 21.

38. Without a class action, Defendants will likely retain the benefit of its wrongdoing and will continue a course of action, which will result in further damages to Plaintiff and the New York Class.

39. Plaintiff intends to send notice to all members of the New York Class to the extent required by Rule 23.

9

## CENTURY 21'S EMPLOYMENT PRACTICES

40. Century 21 has had a consistent policy of requiring its in-store hourly employees, including Plaintiff and all other store employees, to submit to daily, mandatory, off-the-clock security checks of their persons and belongings without paying them straight time and/or overtime compensation.

41. At all times relevant hereto, Century 21 has had a consistent policy of (1) requiring Plaintiff and the members of the FLSA Collective Class and New York Class to perform off-the-clock work for which they were not compensated; (2) has willfully failed to pay compensation owing in a prompt and timely manner to the Plaintiff and the members of the FLSA Collective Class and New York Class; and (3) has willfully failed to adequately and accurately record the full compensable hours worked by Plaintiff and the members of the FLSA Collective Class and New York Class.

42. Century 21 consistently has refused or failed to pay Plaintiff and the members of the FLSA Collective Class and New York Class for the time required to comply with its security checks, and/or for the time spent working off-the-clock.

43. Despite its knowledge that time spent by Plaintiffs and the members of the FLSA Collective Class and New York Class, as described above, was compensable time under the FLSA and New York law, Century 21 willfully refused to compensate any of the affected workers for this time.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
(On Behalf of the Plaintiff and the FLSA Collective Class)

44. Plaintiff and the FLSA Collective Class allege and incorporate by reference the allegations in the preceding paragraphs.

10

45. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ, employees, including the Plaintiff and each of the members of the FLSA Collective Class. At all relevant times, upon information and belief, Defendant Century 21 had gross operating revenues in excess of $500,000.00.

46. Plaintiff consents in writing to be a part of this action, pursuant to FLSA, 29 U.S.C. §216(b), and attached hereto as Exhibit A is a copy of his Opt-in form. As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

47. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

48. The FLSA also requires each covered employer to pay the minimum wage for all hours worked.

49. Plaintiff and the members of the FLSA Collective Action were and are entitled to be paid the minimum wage, and overtime compensation for all hours worked.

50. Defendants, pursuant to its policies and practices, failed and refused to pay minimum wage and overtime premiums to Plaintiff and the members of the FLSA Collective Class for all of their hours worked.

51. By failing to compensate Plaintiff and the members of the FLSA Collective Class minimum wage and overtime compensation, Defendants have violated, and continue to violate the FLSA, 29 U.S.C. § 201, *et seq.*

52. By failing to record, report, and or preserve records of hours worked by Plaintiff

and the members of the FLSA Collective Class, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

54. Plaintiff, on behalf of himself and the FLSA Collective Class, seeks damages in the amount of his unpaid wages and overtime compensation, interest, and such other legal and equitable relief as the Court deems just and proper.

55. Plaintiff, on behalf of himself and the FLSA Collective Class, seeks recovery of his attorney's fees and costs, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**Violations of New York Labor Law – Nonpayment of all Wages**
**§§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.1 and 142-2.2**
**(On Behalf of the Plaintiff and the New York Class)**

56. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

57. Pursuant to New York Labor Law §§ 190, 191, 193, 198, and 652, Defendants have willfully failed to pay the correct wages and overtime pay due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the New York Class Members in violation of New York Labor Law §§ 190, 191, 193, 198 and 652 and 12 NYCRR 142-2.1 and 142-2.2.

58. Defendants were not and are not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff's and the New York Class' wages that concern this lawsuit.

59. Defendants were not authorized by Plaintiff or any Class Members to withhold, divert, or deduct any portion of his or her unpaid wages which are the subject of this lawsuit.

60. Pursuant to New York Labor Law § 198, employers such as Defendants who intentionally fail to pay an employee wages in conformance with New York Labor Law shall be liable to the employee for the wages or expenses that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

61. Defendants have violated the New York Labor Law by failing to pay Plaintiff and the members of the New York Class for all compensable time and by failing to pay Plaintiff and the members of the New York Class for work time, including overtime, at the established rate.

62. Plaintiff, on behalf of himself and the New York Class, seeks the amount of underpayments based on Defendants' failure to pay wages of at least the minimum wage for all hours worked, and one and one half times the regular rate of pay for work performed in excess of forty hours per week, as provided by the New York Labor Law, and such other legal and equitable relief as the Court deems just and proper.

63. Plaintiff does not seek liquidated damages under the NYLL on behalf of the New York Class Members but reserves his right to do so.

### THIRD CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime
### (On Behalf of the Plaintiff and the New York Class)

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 NYCRR 142-2.1 and 142-2.2 apply to Defendants and protect Plaintiff and the Members of the New York Class.

66. Defendants have failed to pay Plaintiff and the Members of the New York Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

67. By Defendants' knowing and/or intentional failure to pay Plaintiff and the members of the New York Class overtime wages for hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

68. Due to Defendants' violations of the NYLL, Plaintiff and the Members of the New York Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

69. Plaintiff does not seek liquidated damages under the NYLL on behalf of the Members of the New York Class but reserves his right to do so.

## FOURTH CAUSE OF ACTION
### Breach of Contract
### (On Behalf of the Plaintiff and the New York Class)

70. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

71. At the time Plaintiff and the members of the New York Class accepted employment with Defendants, they were promised pay at a fixed hourly rate.

72. By operation of law, when Defendants hired Plaintiff and the Members of the New York Class, it made a promise that they would be paid for all hours worked.

73. Pursuant to their agreement with Defendants to work for a fixed hourly rate, Plaintiff and the Members of the New York Class performed work on behalf of and for the benefit of Defendants during the Class Period. However, as set forth in detail above, Defendants

14

have failed to pay Plaintiff and the Members of the New York Class, at applicable overtime and straight time rates of pay, for all work performed for the benefit of Defendants.

74. Specifically, Plaintiff and the Members of the New York Class were required to engage in daily security checks at the direction of Century 21 management whenever taking a lunch break or ending a shift, and were not paid, at applicable overtime and straight time rates of pay, for the time required to comply with such required work activities.

75. Plaintiff and the Members of the New York Class were also required to work additional time while off the clock during each shift, for which Defendants' have deprived Plaintiff and the Members of the New York Class of payment at applicable overtime and straight time rates of pay.

76. Defendants breached its contract with Plaintiff and the Members of the New York Class by not paying them for all compensable hours worked.

### FIFTH CAUSE OF ACTION
**Unjust Enrichment**
**(On Behalf of the Plaintiff and the New York Class)**

77. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

78. By reason of having secured the work and efforts of Plaintiff and the Members of the New York Class without compensation, Defendants have enjoyed reduced over-head with respect to its department stores in New York and therefore realized additional earnings and profits to their own benefit and to the detriment of Plaintiff and the Class Members, that Defendants have retained and continue to retain contrary to the fundamental principles of justice, equity, and good conscience.

79. Accordingly, Plaintiff and the Members of the New York Class are entitled to

equitable restitution in an amount equal to the benefits unjustly retained by Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective Class, seeks the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as the Representative of the FLSA Collective Class;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

E. An award of the following damages jointly and severally against all of the Defendants:

1. An award of damages, according to proof, including but not limited to unpaid wages, overtime pay, and lost benefits, to be paid by Defendants;

2. An award of costs incurred herein, including expert fees;

3. An award of attorneys' fees pursuant to 29 U.S.C. § 216;

4. An award of pre-judgment and post-judgment interest, as provided by law; and

5. All such other relief as this Court shall deem just and proper.

**WHEREFORE,** Plaintiff, individually and on behalf of the New York Class, seeks the following relief:

A. Certification of this action as a class action under Rule 23 and the appointment of Plaintiff as Representative of the New York Class and Plaintiff's counsel as Lead Counsel for the New York Class;

B. An award of the following damages jointly and severally against all of the Defendants:

1. On the Second Cause of Action (Violation of New York Labor Law – Nonpayment of All Wages):

(i) An award to Plaintiff and Members of the New York Class of damages for the amount of unpaid wages, including unpaid overtime, in addition to interest subject to proof;

(ii) An award to Plaintiff and the Members of the New York Class of reasonable attorneys' fees and costs pursuant to New York Labor Law;

2. On the Third Cause of Action (Violation of New York Labor Law – Unpaid Overtime):

(i) An award to Plaintiff and Class Members of damages for the amount of unpaid overtime, in addition to interest subject to proof;

(ii) An award to Plaintiff and Class Members of reasonable attorneys' fees and costs pursuant to New York Labor Law

3. On the Fourth Cause of Action (Breach of Contract):

(i) An award of damages according to proof at trial;

(ii) An Award of pre-judgment interest at the highest level rate from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

4. On the Fifth Cause of Action (Unjust Enrichment):

(i) An award of general damages according to proof;

(ii) An award of special damages according to proof;

5. An award of costs of the action, including expert fees;

6. An award of reasonable attorneys' fees; and

7. All such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Dated:    Roslyn, New York
          January 14, 2011

Respectfully submitted,

Louis Ginsberg, Esq. (LG-1048)
Matthew Cohen, Esq. (MC-2595)
LAW FIRM OF LOUIS GINSBERG, P.C.
1613 Northern Blvd.
Roslyn, New York 11576
Telephone: (516) 625-0105 X.13
lg@louisginsberglawoffices.com

*Attorneys for Plaintiff, the FLSA Collective Class, and the New York Class*

# EXHIBIT A

I consent to be a party plaintiff in a lawsuit against Century 21 and/or related entities in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate The Law Firm of Louis Ginsberg, P.C. to represent me in such a lawsuit.

*Luis J. Olmo*   1/4/10
Signature        Dated

Luis J. Olmo
Full Legal Name (print)

54-28 Nurge Ave apt 1B ~~Maspeth N.Y.~~
Address

Maspeth N.Y.            11378
City, State             Zip Code