

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Joel L. Finger
212.497.8485 direct
212.583.9600 main
646.417.6793 fax
jfinger@littler.com

February 11, 2011

**VIA ECF**
The Honorable Roslynn R. Mauskopf
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Luis Olmo v. Century 21 Department Stores, LLC & Raymond Gindi*,
      Case No. CV11-0253 (RRM) (VVP)

Dear Judge Mauskopf:

We and Proskauer Rose LLP, represent the Defendants, Century 21 Department Stores, LLC ("Century 21" or "Company") and Mr. Raymond Gindi in the above-captioned action. We respectfully request, pursuant to Rules III(A)(2) and (3) of your Individual Rules, that Your Honor (i) schedule a pre-motion conference regarding our clients' anticipated motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and (ii) extend the time for Defendants to respond to the Complaint, which was served on January 26, 2011, because of the contemplated motion to dismiss.

According to the Complaint, Plaintiff Luis Olmo worked for Century 21 as a cashier and then a non-exempt supervisor from approximately April 21, 2009 until November 9, 2010. (Compl. ¶ 8). On January 18, 2011, Plaintiff brought this wage and hour putative collective and class action on behalf of himself and all other similarly situated current and former employees of Century 21. Plaintiff requests both collective and class action certification pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23, respectively, and asserts the following claims: (1) violations of the Fair Labor Standards Act, 29 U.S.C. § 290 *et seq.* ("FLSA"); (2) violations of New York Labor Law ("NYLL") (Nonpayment of Wages and Unpaid Overtime); (3) breach of contract; and (4) unjust enrichment.

Plaintiff's complaint sets forth two main allegations:

- Century 21 should have compensated all of their employees for the off-the-clock "time they spent complying with Defendants' daily mandatory security checks whenever leaving the premises." Plaintiff asserts only that he personally spent "in excess of fifteen (15) minutes per day of off-the-clock time" on this security check process (Compl. ¶¶ 15–18).

- Century 21 also should have compensated him and his "fellow employees" for

The Honorable Roslynn R. Mauskopf
February 11, 2011
Page 2

>performing off the clock work. Plaintiff alleges only that he personally "worked as much as thirty (30) to forty five (45) additional minutes per shift while off-the-clock. This additional off-the-clock work consisted of Plaintiff helping customers, helping co-workers, and assisting with refunds." (Compl. ¶ 19).

Plaintiff's Complaint is fatally flawed in its entirety and Defendants therefore seek to file a motion to dismiss all counts in the Complaint on the following grounds:

Plaintiff's Complaint fails to state a claim upon which relief can be granted for *all* of his claims based on the allegation that he and all other employees should be compensated for time spent complying with Century 21's mandatory security checks. In a case involving virtually an identical claim, the Second Circuit granted a defendant's motion to dismiss, holding that security procedures are not compensable because they "are necessary in the sense that they are required and serve essential purposes of security; but they are not integral to principal work activities." *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 593 (2d Cir. 2007). In fact, "every court which has addressed this issue has found that time spent participating in security screening is not compensable." *Sleiman v. DHL Express*, 2009 U.S. Dist. LEXIS 35812, at *11 (E.D. Pa. Apr. 27, 2009) (granting motion to dismiss). *See also Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007). Thus, we seek dismissal of all claims based on Plaintiff's security check allegations.

Plaintiff's Complaint also fails to state a claim upon which relief can be granted for *all* his claims based on the allegation that he and "fellow employees" performed uncompensated, off-the-clock work. Pursuant to the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), a court cannot accept such "[t]hreadbare recitals of the elements of a cause of action" or "labels and conclusions." Moreover, in an action involving FLSA and NYLL claims, "[a]t a minimum, [the complaint] must set forth the approximate number of unpaid regular and overtime hours allegedly worked." *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 2011 U.S. Dist. LEXIS 8585, at *21 (S.D.N.Y. Jan. 28, 2011) (granting motion to dismiss all of Plaintiffs' wage and hour claims). Plaintiff fails to set forth sufficient facts to meet even these minimum standards. For example, Plaintiff does not allege how many hours of overtime versus regular hours for which he was not paid, whether he worked off-the-clock everyday or just occasionally, and how much time – somewhere between zero and 45 minutes – was allegedly off the clock.

Plaintiff's Complaint also sets forth no information regarding the alleged uncompensated work of other Century 21 employees. Instead, Plaintiff offers only "the threadbare recitals of" of an FLSA collective and Rule 23 state law class action, which is insufficient under *Twombly* and *Iqbal*. *See DeLeon v. Time Warner Cable LLC*, 2009 U.S. Dist. LEXIS 74345, at *7 (C.D. Cal. July 17, 2009) (granting motion to dismiss because the complaint "should allege more specific facts about Plaintiff himself, if not about the entire class"). Thus, Plaintiff's collective and

The Honorable Roslynn R. Mauskopf
February 11, 2011
Page 3

class action claims should be dismissed. *See Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 631 (S.D.N.Y. July 23, 2007) (finding Plaintiff "has not sufficiently alleged an action on behalf of others similarly situated" because "these 'others' are referenced only minimally"); *Nakahata*, 2011 U.S. Dist. LEXIS 8585, at *22 ("[T]here is no basis for a collective or class action with regard to every other so-called hourly employee in the system . . . .").

All of Plaintiff's NYLL and common law claims also should be dismissed because they are preempted under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). Plaintiff's employment relationship with Century 21 was governed by a collective bargaining agreement ("CBA").[1] When there is an applicable CBA, "'any state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301.'" *Arnold v. Beth Abraham Health Servs., Inc.*, 2009 U.S. Dist. LEXIS 121382, at *14 (S.D.N.Y. Dec. 30, 2009). As the CBA here "established 'uniform provisions concerning the hours, wages, and working[] conditions of the employees,'" Plaintiff's state law claims are inextricably intertwined with it and are preempted as a result. *Heyer v. Morris Okun, Inc.*, 2003 U.S. Dist. LEXIS 14495, at *10 (S.D.N.Y. Aug. 20, 2003).

Finally, Plaintiff's breach of contract claim fails to meet the *Twombly* and *Iqbal* standard because he fails even to plead the particular provisions of the purported contract at issue. Plaintiff's unjust enrichment claim fails because he has an adequate remedy at law in the FLSA and NYLL. *See Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F. Supp. 2d 181, 188–89 (E.D.N.Y. 2004). Indeed, both claims should be dismissed because "they are essentially duplicative of his FLSA claims." *Lopez v. Flight Servs. & Sys., Inc.*, 2008 U.S. Dist. LEXIS 4744, at *13, 20–21 (W.D.N.Y. Jan. 23, 2008).

Therefore, we respectfully request a pre-motion conference to discuss Defendants' motion to dismiss and further request that Defendants' time to answer the Complaint be extended while the contemplated motion to dismiss is pending.

Respectfully submitted,

Joel L. Finger

cc:   Elise M. Bloom, Esq., Proskauer Rose, LLP, *Co-Counsel for Defendants*
      Louis Ginsberg, Esq., Law Firm of Louis Ginsberg, P.C., *Counsel for Plaintiff*

---

[1] Plaintiff neglects to mention the CBA in his Complaint, but "Plaintiffs' careful avoidance of referencing documents that are integral to the complaint does not deprive the court of its power to review them on a motion to dismiss." *Levy v. Verizon Info. Servs. Inc.*, 498 F. Supp. 2d 586, 593 (E.D.N.Y. 2007).