| | | |
|---|---|---|
| 1613 NORTHERN BOULEVARD<br>ROSLYN, NEW YORK 11576<br>(516) 625-0105 (TEL.)<br>(516) 625-0106 (FAX)<br>lg@louisginsberglawoffices.com (E-MAIL) | 233 BROADWAY – SUITE 2220<br>NEW YORK, NEW YORK 10007<br>(212) 406-3630 (TEL.)<br>(212) 406-3574 (FAX)<br>lg@louisginsberglawoffices.com (E-MAIL) | PRACTICE LIMITED<br>TO LABOR<br>EMPLOYMENT LAW |

Please direct all communications to our Roslyn office

# LAW FIRM OF LOUIS GINSBERG, P.C.

February 24, 2011

**VIA ECF**

Hon. Judge Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>**Luis Olmo on behalf of himself and all other similarly situated employees v. Century 21 Department Stores, LLC, and Raymond Gindi (Index No.: 11 CIV 0253)(RRM)(VP)**</u>

Dear Judge Mauskopf:

    We represent the Plaintiff and the putative FLSA Collective Class and New York Class. We write in response to defendants' letter dated February 11, 2011 requesting a pre-motion conference. While we believe our initial Complaint was quite detailed, we have submitted an Amended Complaint with even greater detail. For the reasons set forth below, we believe defendants' contemplated Motion to Dismiss would not be successful.

    Essentially our claims seek compensation (straight time and overtime pay) for various types of off-the-clock work done by Plaintiff and his co-workers. The work was done on the employers' premises and solely for the employers' benefit. Some of the work was performed during lunch breaks and some of it at the end of the work day. See e.g. <u>Hens v. Clientlogic</u>, 2006 WL 2795620 (W.D.N.Y. 2006) (motion granted for conditional certification of FLSA collective action for work completed during unpaid lunch breaks).

    There can be no doubt that the off-the-clock claims relating to assisting with refunds and helping customers after clocking out state viable causes of action. Similar claims under the Fair Labor Standards Act (FLSA) and under the New York Labor Law are routinely upheld in this and other federal courts. See <u>Andrade v. JP Morgan Chase Bank</u>, 2009 WL 2899874 (E.D.N.Y. September 4, 2009) (Mauskopf, J.) (Court denied motion to dismiss class action alleging tellers required to work off the clock); <u>Zivali v. AT&T Mobility</u>, 646 F. Supp. 2d 658 (S.D.N.Y. August 21, 2009) (Court ruled that Plaintiffs had made modest showing necessary for conditional certification of FLSA collective action alleging sales persons uncompensated for off the clock work); <u>Sherrill v. Sutherland Global Services</u>, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) (court granted

1

conditional certification to FLSA collective action alleging off the clock work by call center employees). See also 29 C.F.R. §§ 785.11-13.

While seeming to concede such work time is compensable, defendants cite to Nakahata v. N.Y. – Presbyterian Healthcare Systems, Inc., 2011 WL 321186 (S.D.N.Y. 2011) to argue that our Complaint was not specific enough. Yet, the Nakahata case involved the filing of at least eight (8) boilerplate Complaints against at least eight (8) different hospitals. The generic Complaints did not even state who employed the various Plaintiffs. In addition, the various Complaints cited to the wrong sections of the law. In fact, the Complaints "fail[ed] to lay any factual foundation for determining the viability of their claims." The Court explained, "they contain no information that might nudge the allegations from speculative to plausible." Both our initial Complaint and Amended Complaint do not suffer from any of these problems.

Defendants also argue that certain other of the off the clock claims related to security screenings during the thirty (30) minute lunch break fail as legally not compensable. Yet, neither the FLSA nor the New York Labor Laws contain any blanket prohibition declaring the time walking to, waiting for, and undergoing a security check to be non-compensable work time. Under the laws, since this work time occurs in the middle of the work day, it is neither a preliminary nor postliminary activity and constitutes compensable work time. The few cases cited by defendants are distinguishable as they did not involve work time right in the middle of the day. Gorman v. Con Ed., 488 F. 3d 586 is further distinguishable because the security measures at entry were not even for employees only. They were for anyone entering the plant, so it did not make sense to compensate employees for it. If defendants are correct, then any employer could require its employees to wait around at the company to do something for the employer's benefit for the entirety of their lunch break and not pay them for it.

Plaintiff and his co-workers have stated claims. In IBP v. Alvarez, 546 U.S. 21, the United States Supreme Court ruled that time spent walking between locker rooms and production areas was compensable under the FLSA as was time employees spent waiting to doff protective clothes. This was because under the continuous workday rule, once employees have engaged in a principal activity, the employees must be compensated for all activities done for the employer until the end of their last principal activity.

In fact, in a more recent pronouncement on the subject than Gorman, the Second Circuit implied that had the Complaint in the Albrecht case been pled differently, security guards who had to wait before and after their shifts before they obtained their radios may well have stated compensable claims. The Second Circuit stated, "Plaintiff forfeited their argument…", and then continued, "such waiting may well be compensable. See Albrecht v. Wackenhut Corp. 2010 WL 2134312 (2nd Cir. May 28, 2010) citing Reich v. N.Y.C. Transit Authority, 45 F.3d 646, 651 (2nd Cir. 1995) ("To be sure, on occasions, courts have found that compensable work can occur despite absence of exertion, where, for example, employees have been required to stand by and wait for the employer's benefit."). Likewise, the walking, waiting, and security checks at the end of the day should also be compensable time since it is part of the same process begun midday.

In Albrecht, the time was ruled de minimus because it only took 30 to 90 seconds. In our case, the time which is in excess of 15 minutes per day is clearly not de minimus. And unlike the claim in Albrecht, the time in our case could easily be recorded because it happens every day, on the employer's premises and would only require allowing the store employees to clock out after waiting in line and going through security, instead of before.

Defendants have the burden to prove that an exception applies and they have put forth little evidence to carry their burden. See Spoerle v. Kraft Foods, 527 F. Supp. 2d 860 (W.D. Wis. 2007).

This is similar to other work time that is compensable because it is done on the employer's premises, for the employer's benefit, and the employees have no choice. See 29 C.F.R. § 785.27 (attendance at lectures, meetings, and training programs compensable); see also 29 C.F.R. § 785.42 (time spent adjusting employee grievances compensable); see also 29 C.F.R. § 785.17 (on-call time compensable).

Lastly, our claims are not preempted under the Labor Management Relations Act ("LMRA"). The employees' rights to unpaid wages and overtime pay under the FLSA are "separate and distinct" from contractual rights related to a collective bargaining agreement. See Gordon v. Kaleida Health, 2008 WL 5114217 (W.D.N.Y. 2008). (motion to dismiss collective action claims involving off the clock work denied and no pre-emption found). The United States Supreme Court has ruled that employees' rights under the FLSA are broad and unfettered. See Barrentive v. Arkansas' Best Freight Sys, Inc., 450 U.S. 728 (1981). As the Gordon court explained, "when a claim derives from an independent substantive provision of state law, preemption has no application." Gordon, 2008 WL 5114217 at p. 5. citing Lixadas v. Bradshaw, 512 U.S. 107 (1994). And this Court in its Andrade decision confirmed that New York Labor Law Articles 6 and 19 read in tandem with their implementing regulations like § 142-2.2 provide just such state law provisions. Andrade 2009 WL 2899874 at 3. Defendants' attempt to avoid the larger New York State statute of limitations (6 years) is unavailing. Defendants also have not cited any collective bargaining provisions specific to the issues in this case, but even if they had, such "parallelism" does not require preemption. Gordon, 2008 WL 5114217 at p.6.

Lastly, the unjust enrichment and breach of contract claims have different statutes of limitations than the FLSA claims as well as different prima facie elements. Defendants claim that they should be dismissed because there is an adequate remedy in the FLSA, while simultaneously arguing there is no FLSA remedy. They cannot have it both ways.

We believe a Motion to Dismiss at this very early stage, before any discovery has taken place, would not be productive.

Respectfully Submitted,

Louis Ginsberg
For the Law Firm of
Louis Ginsberg, P.C.

CC: Joel L. Finger, Esq.
CC: Elise M. Bloom, Esq.