

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Joel L. Finger
212.497.8485 direct
212.583.9600 main
646.417.6793 fax
jfinger@littler.com

March 10, 2011

**VIA ECF**

The Honorable Roslynn R. Mauskopf
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Luis Olmo v. Century 21 Department Stores, LLC & Raymond Gindi*,
Case No. CV11-0253 (RRM) (VVP)

Dear Judge Mauskopf:

We and Proskauer Rose LLP represent the Defendants, Century 21 Department Stores, LLC ("Century 21" or the "Company") and Mr. Raymond Gindi, in the above-captioned action. We submit this pre-motion conference letter in response to Plaintiff's Amended Complaint, filed February 24, 2011 (ECF Doc. 8), and in response to Plaintiff's reply to our first pre-motion conference letter, also filed February 24, 2011 (ECF Doc. 9).

As discussed in greater detail below, the Amended Complaint does not rehabilitate the fatal flaws in Plaintiff's case, and the grounds for our motion to dismiss remain unchanged from those set forth in our first pre-motion conference letter (ECF Doc. 4). Therefore, we renew our request, pursuant to Rules III(A)(2) and (3) of your Individual Rules, that Your Honor (i) schedule a pre-motion conference regarding our clients' anticipated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and (ii) extend the time for Defendants to respond to the Amended Complaint because of the contemplated motion to dismiss.

**Security Check Claims**

The new allegations of the Amended Complaint do not save Plaintiff's security check claims from dismissal. It is well established that time spent participating in security checks is not compensable "work" under the FLSA and/or N.Y. Labor Law. Plaintiff's attempt to distinguish *Gorman v. Consol. Edison Corp.*, 488 F.3d 586 (2d Cir. 2007), and differentiate between lunchtime and postliminary security checks is unavailing.

The FLSA only protects those activities that are classified as "work." As recognized in *Haight v. Wackenhut Corp.*, 692 F. Supp. 2d 339, 343 (S.D.N.Y. 2010), "Congress passed the Portal-to-Portal Act in an attempt to 'delineate certain activities *which did not constitute work*, and therefore did not require compensation.'" (emphasis added). Thus, if postliminary security

The Honorable Roslynn R. Mauskopf
March 10, 2011
Page 2

checks — which are clearly not integral and indispensable to the job and which fall within the exceptions created by the Portal-to-Portal Act — do not constitute compensable "work" under *Gorman*, then lunchtime security checks cannot constitute compensable "work" either.

Plaintiff's reliance on the "continuous workday" doctrine that is discussed in *IBP v. Alvarez* and *Albrecht v. Wackenhut Corp.* is misplaced. The Portal-to-Portal Act excepts from FLSA coverage those activities that occur before and after the first and last principal activities, respectively (i.e., before and after "work" begins). The continuous workday doctrine merely clarifies that any activities that do *not* fall within the exceptions of the Portal-to-Portal Act are potentially covered by the FLSA; it does not mean that all activities during that time are automatically compensable. As stated by the Third Circuit in *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 371 (3d Cir. 2007), the *Alvarez* Court "could not have concluded" that the plaintiff's activities there were compensable "*if they were not work themselves.*" (emphasis added). Accordingly, and by example, the continuous workday doctrine does not apply to lunch because no "work" is performed during that time. Thus, as per 29 C.F.R. § 785.19(a), employers do not have to pay employees for proper meal periods (even though lunchtime, in fact, occurs between the first and last principal activity performed by employees and is subject to the continuous workday doctrine).[1]

Finally, Plaintiff does not allege that he <u>had</u> to leave his Century 21 store (and thus go through the security check) to eat his lunch. Plaintiff cannot seriously be claiming that employees who choose to leave the building for lunch are entitled to additional pay simply because they spend time walking to an exit (and going through a security check) before they leave. *Arnold v. Schreiber Foods, Inc.*, 690 F. Supp. 2d 672, 682 (M.D. Tenn. 2010), a case involving discretionary doffing and donning a uniform at lunchtime, is directly on point and makes clear that the FLSA does not require compensation for lunchtime activities that are "necessary only because an employee chooses to leave the employer's premises." As in *Arnold*, the Plaintiff in the present case does not allege that he had to go through the security check during lunchtime. Neither the FLSA nor N.Y. Labor Law requires compensation for an activity that is only necessary because an employee <u>voluntarily chooses</u> to leave a store's premises.

**Off the Clock Claims**

Significantly, even with the new allegations in the Amended Complaint regarding Plaintiff's off-the-clock claims, Plaintiff still does not state a claim under *Iqbal* and *Twombly* with regard to his collective and class off-the-clock claims.

Plaintiff has not included <u>any</u> additional *factual* allegations to support his off-the-clock claims on

---

[1] These same "federal regulations are controlling," for the proposition that meal periods need not be paid under the N.Y. Labor Law, as there are "no comparable New York State statutes or regulations providing greater benefit to employees" regarding payment for meal periods. N.Y. State Dep't of Labor Opinion Letter No. RO-07-0034, at 2 (Apr. 19, 2007), *available at* http://www.labor.ny.gov/legal/counsel/counsel-opinion-letters.page (last visited Mar. 10, 2011) (search for "RO-07-0034" in search box).

The Honorable Roslynn R. Mauskopf
March 10, 2011
Page 3

behalf of a purported class of "all current and former" employees. First, Plaintiff has still failed to adequately define or describe the purported class with any specificity. Moreover, it is not conceivable that all employees at all Century 21 stores in New York performed the same alleged off-the-clock work as Plaintiff. For example, Plaintiff alleged that his off-the-clock work consisted of helping customers with merchandise, helping co-workers, and assisting with refunds (Amended Compl. ¶ 19), but clearly maintenance workers, security guards, and countless other employees could not and would not be engaged in such work.

Second, the only class-wide factual allegation in the Amended Complaint is that "[u]pon information and belief, Plaintiff also observed co-workers performing similar work off the clock" to what Plaintiff performed. (*Id.*). Setting aside the fact that Plaintiff should know whether or not he actually observed co-workers performing off-the-clock work, this allegation is precisely the type of threadbare, conclusory recital that is impermissible under *Iqbal* and *Twombly*. Moreover, Plaintiff has failed to sufficiently plead how many off the clock hours the purported class members worked. For these reasons, among others, the class and collective action claims are deficient. *See Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 2011 U.S. Dist. LEXIS 8585, at *21 (S.D.N.Y. Jan. 28, 2011); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007); *see also Krstic v. J.R. Contracting & Envtl. Consulting*, 2010 U.S. Dist. LEXIS 9478, at *6–7 (D.N.J. Jan. 28, 2010); *Dager v. City of Phoenix*, 2006 U.S. Dist. LEXIS 77925, at *6–7 (D. Ariz. Oct. 25, 2006).

Finally, the cases that Plaintiff cites to support his position on these off-the-clock claims — *Hens v. Clientlogic*, *Zivali v. AT&T Mobility*, and *Sherrill v. Sutherland Global Services* — are all inapposite. Not only are they all factually dissimilar, but they also are all conditional certification decisions in which plaintiffs' off-the-clock claims were found to be sufficiently supported by factual declarations and/or deposition testimony. None support the proposition that Plaintiff has adequately alleged his class-wide off-the-clock claims in this case. Your Honor's decision in *Andrade v. JP Morgan Chase Bank* also is distinguishable because in that case, the defendant challenged the procedural right of plaintiff to bring overtime and class claims under certain New York laws; it did not bring an *Iqbal/Twombly* motion on the sufficiency of the factual allegations in plaintiff's complaint.

Therefore, we renew our request for a pre-motion conference to discuss Defendants' motion to dismiss and further request that Defendants' time to answer the Amended Complaint be extended while the contemplated motion to dismiss is pending.

Respectfully submitted,

Joel L. Finger

cc: Elise M. Bloom, Esq., Proskauer Rose, LLP, *Co-Counsel for Defendants*
    Louis Ginsberg, Esq., Law Firm of Louis Ginsberg, P.C., *Counsel for Plaintiff*

The Honorable Roslynn R. Mauskopf
March 10, 2011
Page 4


bcc:   Ms. Jenifer Thoma
       Mr. Ezra Sultan